IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GOLIO, M.D., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:11CV 757 |
| | : | |
| v. | : | MAGISTRATE JUDGE ABEL |
| | : | |
| ADENA HEALTH SYSTEM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Anthony Golio, M.D. and Defendants Adena Health System ("Adena"), Mark Shuter, Karen D. Bolton, Esq., Anthony C. Freeman, D.O., Derrick L. Reedus, Sr., M.D., and Jeff Collins (collectively "Individual Defendants") hereby agree through their respective trial counsel to this Stipulated Protective Order ("Order"). It is therefore ORDERED as follows:

(1) If a party in good faith believes that any written, recorded or graphic material, tangible items or any other form of information the party produces in this action pursuant to pre-trial discovery, court order or agreement of the parties, or otherwise intends to use as evidence in this action, contains unpublished financial data, trade secrets, proprietary information, commercially sensitive or confidential personal or business information, including but not limited to, personnel or payroll record information concerning one or more of the Individual Defendants and/or Defendant Adena's current or former employees, such as employment agreements, work performance, salary and benefits, and disciplinary records, dates of birth, social security numbers, residential addresses and telephone numbers, and medical information, the producing party may designate such material as confidential by stamping the words

1

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document.  Designation of documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall mean that such documents are subject to the restrictions of this Order and shall not mean that the documents are confidential for any other purpose.

(2) Any party may challenge the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by indicating in writing within thirty (30) days of the designation that the party challenges the designation.  The parties shall then try to resolve any dispute concerning designation in good faith pursuant to the requirements of S.D. Ohio Civ. R. 37.1.  If such efforts are unsuccessful, the challenging party will have seven (7) days to file a motion with the Court to challenge the designation, or otherwise establish that the designated material is not protected under the provisions of this Order.  Until such time as the Court rules on any pending motion challenging a Confidential Material designation, the challenging party shall treat the information as Confidential Material within the meaning of paragraph 1 of this Order.

(3) Materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed or used in any manner except as provided below:

(a) Attorneys who are counsel of record for the parties in this action, their employees (including paralegals, clerical or other assistants), and corporate counsel shall have access to the materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for use only in the prosecution or defense of this action; provided that each such attorney and/or employee receiving access to such materials shall read or be informed of the terms and conditions of this Order and shall be bound thereby.

5204547v1

(b)     Independent consultants, such as scientists, statisticians, certified public accountants, technical personnel, or other experts retained by the parties or their counsel, shall have access to the materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for use only in the prosecution or defense of this action; provided that each such consultant receiving access to such materials shall read this Order and sign an agreement to be bound by the terms of this Order, which signed agreement shall be kept by the attorney(s) who retained the consultant.

(c)     The parties and persons directly employed by the parties shall have access to the materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to the extent necessary for the prosecution or defense of this action; provided that each such person receiving access to such materials shall read this Order and sign an agreement to be bound by the terms of this Order, which signed agreement shall be kept by the attorney(s) for the respective party.

(d)     Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be shown to witnesses and their respective counsel at depositions taken in this action and may be marked as exhibits to such depositions, provided that reasonable notice that such materials produced by the opposing party may be used at the deposition has first been given to that party and there is no pending motion for a protective order to prevent or limit such use. Such notice shall not be required to use a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" document at the deposition of a party or representative,

3

current employee, or former employee thereof if the document was originally produced by that party.

(e)  Materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be filed under seal with the Clerk of Courts and not be available for public inspection.  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" materials filed with the Court as an exhibit or appendix to any other document, and portions of depositions or other transcripts pertaining to such exhibits or appendices, shall also be filed under seal.  Documents shall be filed under seal in accordance with S.D. Ohio Civ. R. 79.3.  The parties may agree that certain material initially designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" need not be subject to the foregoing requirement to file under seal, but any such agreement must be in writing.

(f)  Copies of materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be made only as necessary in connection with the prosecution or defense of this action.  All such copies and all extracts, summaries, and notes pertaining thereto shall be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" materials under this Order.

(g)  Any materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" obtained or solicited pursuant to this Order shall be retained under appropriate security until the termination of this action.  In the event that a document designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is disclosed to someone not authorized to receive it, counsel for the party involved shall immediately give notice of such unauthorized

disclosure, including a full description of all pertinent facts, to the opposing counsel.  If a party inadvertently produces information subject to any privilege, upon notice from the producing party, the recipient shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

(h) Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and all copies thereof shall be returned to the producing party unless:  (1)  the document has been offered into evidence or filed without restriction as to disclosure; (2)  the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Documents containing HIPAA-protected health information are subject to the foregoing requirement; however, the exception set forth in (1) is not applicable to said documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents and the work product does not contain HIPAA-protected health information.  Any work product meeting the foregoing conditions shall continue to be "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order.

5

5204547v1

      (i)    After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.  To the extent the Clerk returns to counsel any documents treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order and/or containing HIPAA-protected health information, such documents are subject to ¶ 3(h).

      (4)    Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (5)    Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

      (6)    Nothing contained in this Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

      (7)    Nothing in this Order imposes any condition upon a party's use of any information or document at trial, nor prevents a party from using any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information or document during a hearing or at trial.  This Protective Order shall not otherwise prohibit a party from seeking additional protections from the Court.

      s/Mark R. Abel  
      Mark R. Abel  
      United States Magistrate Judge

5204547v1

7

**AGREED and APPROVED**:


s/ Douglas E. Graff
Douglas E. Graff  (0013222), Trial Attorney
James M. McGovern  (0061709)
Levi J. Tkach  (0086025)
GRAFF & McGOVERN, L.P.A
604 East Rich Street
Columbus, OH  43215
Telephone:  (614) 228-5800
Fax:  (614) 228-8811
E-mail: doug@grafflaw.com
          jmcgovern@grafflaw.com
          levi@tkachme.com

Attorneys for Plaintiff


s/ Donald R. Keller
Donald R. Keller (0022351), Trial Attorney
Katherine Spies Giumenti  (0042424)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH  43215-4291
Telephone: (614) 227-2300
Fax: (614) 227-2390
E-mail: dkeller@bricker.com
          kgiumenti@bricker.com

Attorneys for Defendants