IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Golio, M.D., | : | |
| Plaintiff | : | Civil Action 2:11-cv-00757 |
| v. | : | Judge Smith |
| Adena Health System, *et al.* | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

# Order

This matter is before the Court on defendant Adena Health System's November 1, 2011 motion to dismiss Counts I, II, III, IV, V, VII, and IX of the complaint (doc. 13) and defendants Mark Shuter, Karen D. Bolton, Anthony C. Freeman, D.O., Derrick L. Reedus, Sr., M.D., and Jeff Collins' November 1, 2011 motion to dismiss the complaint (doc. 14).

### I. Allegations in the Complaint

Plaintiff Anthony Golio, M.D. was employed with Adena Health System for a period of approximately eight weeks. Defendant Adena Health System offered plaintiff a Physician Employment Agreement, which he accepted. Plaintiff was terminated on August 19, 2010. Dr. Golio challenged his termination and demanded the return of his personal property.

1

Dr. Golio asserts claims for wrongful termination in violation of Ohio Revised Code § 2305.25, which requires a peer review process and 38 U.S.C. § 7462. The complaint also asserts a claim for § 1983 age discrimination. The complaint alleges that defendant Adena Health Systems breached the Physician Employment Agreement by not complying with terms requiring written notice prior to termination. A breach of contract claim is also based on defendant's failure to abide by the Medical Staff Bylaws by failing to provide his sufficient due process prior to termination.

The complaint also alleges violations of the Health Care Quality Improvement Act of 1986 and asserts claims for slander, tortious interference with prospective business relationship, intentional infliction of emotional distress, conversion, and violations of the Fourth Amendment of the United States Constitution. The complaint asserts a *Bivens* action against defendant Mark Shuter.

### A. Defendant Adena Health System

Defendant argues that plaintiff's allegation that Adena Health System terminated his employment in violation of his statutory rights under 38 U.S.C. §§ 7462 and 7463 should be dismissed because the rights provided under those statutory provisions are only available to employees of the United States Department of Veterans Affairs. As a result, defendant maintains that procedural protections provided by these statutes are irrelevant to plaintiff's claims in this action.

Defendant also argues that plaintiff's allegation that Adena Health System violated 42 U.S.C. § 1983 by discriminating against him on the basis of age should be

dismissed because a claim for age discrimination is not actionable under § 1983. According to defendant, the Age Discrimination in Employment Act ("ADEA") provides the exclusive federal remedy for age discrimination in employment. Defendant further argues that plaintiff fails to set forth any facts or even allege that defendant acted "under color of state law" and that Adena Health System is not a state actor for purposes of attaching § 1983 liability. Defendant maintains that to the extent that plaintiff is attempting to rely on the Equal Protection Clause as the basis for his § 1983 age discrimination claim, this also fails. The Supreme Court has held that age is not a suspect classification under the Equal Protection Clause.

Defendant argues that Count III of the complaint,[1] which asserts a breach of contract claim based upon the medical bylaws, should be dismissed because the complaint failed to include factual allegations to support the elements of a breach of contract claim. The complaint does not allege that the medical bylaws created a binding contract, nor does plaintiff identify the parties to the alleged contract, the required elements for contract formation, or the terms. Defendant maintains that medical staff bylaws do not automatically give rise to a binding legal contract.

---

[1]The complaint contains two counts labeled as "Court III," the first of which is plaintiff's claim for breach of the medical bylaws and the second is a *Bivens* claim, which appears solely directed toward defendant Shuter. The complaint also contains two counts labeled as "Count II." Defendants move to dismiss the first Count II based on Section 1983 age discrimination, but their motion to dismiss does not reference plaintiff's second Count II, which is based on a breach of the Physician Employment Agreement.

Defendant argues that Count IV of the complaint, alleging a violation of the Health Care Quality Improvement Act of 1986 ("HCQIA") should be dismissed because the act does not afford a physician a private right of action.

Defendant also argues that plaintiff's claim for slander should be dismissed because the complaint fails to allege the essential elements of a claim of defamation. The complaint fails to include any factual assertion about the content of any statement, when the alleged statement was made, the identity of the speaker, or the identity of the person to whom the statement was allegedly made.

Defendant maintains that plaintiff's claim for tortious interference with prospective business relationship should be denied because plaintiff failed to identify any of allegedly false and malicious statements that purportedly give rise to his claim. Plaintiff fails to provide any facts that a prospective employer decided not to hire him based on any action of Adena Health System.

Defendant maintains that plaintiff's claim for intentional infliction of emotional distress should be dismissed because plaintiff failed to make any factual allegations that demonstrate that defendant intentionally or recklessly caused severe emotional distress based on its extreme and outrageous conduct.

Defendant further argues that plaintiff's claim for violations of his Fourth Amendment right should be dismissed because the Fourth Amendment prohibition applies to governmental searches and seizures, not those done by private citizens or organizations who are not acting on behalf of the government.

   **B.**  **Defendants Mark Shuter, Karen D. Bolton, Anthony C. Freeman, Derrick L. Reedus, Sr., and Jeff Collins**

Defendants Bolton, Freeman, Reedus and Collins maintain that plaintiff does not assert any claims against them. With respect to defendant Shuter, the only claim asserted against him is a *Bivens* action. A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. Defendants maintain that Shuter is not a federal actor.

   **C.**  **Plaintiff Anthony Golio, M.D.**

Plaintiff argues that details were intentionally omitted from the complaint to protect integrity of and public confidence in the healthcare system. Plaintiff maintains that he and defendant Adena Heath System entered into a non-disclosure clause. Plaintiff contends that once the litigation has moved past the initial responsive pleading stage, plaintiff will seek a protective order to address significant issues of confidentiality. Counsel for plaintiff attached an unsigned copy of an affidavit to support his memorandum in opposition.

Plaintiff maintains that the contract at issue specifically prohibits him from providing unnecessary details regarding his employment with Adena Health System and that defendants' argument that they lack sufficient details to defend themselves is disingenuous to the healthcare community. With respect to his claim for age discrimination, plaintiff argues that defendants simply object to the caption, "§ 1983",

and they have notice of the proper standard for federally prohibited age discrimination in the workplace.

Plaintiff also argues that defendant attempt to confuse the Court by blurring the line between the Physician Employment Agreement ("PEA") and the Medical Staff Bylaws. The PEA is the contract between the physician and the hospital, and the bylaws govern the operation of the hospital. Plaintiff maintains that the PEA clearly incorporates the bylaws.

Plaintiff maintains that the HCQIA creates a rebuttable presumption of immunity by a peer review committee. Plaintiff maintains that the actions of Adena Health System failed to comply with the requirements of a qualifying professional review action under section 11112(a) of title 42 of the United States Code. Plaintiff maintains that the subsequent investigation was not reasonable and that had Adena Health System exercised due diligence during the fact gathering process it would have found credible and substantial evidence contradicting any report of improper conduct in the operating room. Defendant failed to conduct any peer review prior to plaintiff's termination. Dr. Golio was not provided with notice of the allegations or the opportunity to respond to those allegations.

With regard to his claims for slander, tortious interference with prospective business relationship, intentional infliction of emotional distress and conversion, plaintiff argues that given the nature of employment in the healthcare industry, Dr. Golio should not be required to articulate the details that constitute the acts giving rise

6

to his claims. He further states that the specific facts pertaining to these torts are often only ascertainable through discovery.

Dr. Golio further argues that Adena Health System's requirement for him to submit to a urine test was unreasonable and constituted a seizure prohibited by the Fourth Amendment. Plaintiff maintains that Adena Health System operations under color of law because its activities are sufficiently close to and controlled by the state. Adena Health System, as a nonprofit hospital incorporated in Ohio, is required to comply with a myriad of Ohio health regulations, licensure and credentialing requirements. Plaintiff maintains that the nature of the healthcare industry makes every hospital quasi-governmental under the nexus test, and its agents can be held liable under *Bivens* for their individual discriminatory conduct.

### III.    Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007));  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, see *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or

unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.    Discussion**

Generally, courts cannot consider matters outside the pleadings when ruling on a motion to dismiss pursuant to Rule 12(b)(6). In ruling on a motion to dismiss, the Court may only considered documents attached to, incorporated by, or referred to in the pleadings. Here, plaintiff submitted an unsigned and unnotarized affidavit in support of his memorandum in opposition to defendants' motions to dismiss. If the Court were to consider matters outside the pleadings, the motion must be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d).

I conclude that it would not be proper to convert defendants' motions to dismiss to motions for summary judgment. Plaintiff's rationale for the need for the affidavit was based on the fact that the alleged incidents surrounding the complaint involve the provision of health care services and that this fact necessitates the need for omissions in the complaint. I find plaintiff's argument unpersuasive. Plaintiff fails to explain why it was improper to include detailed allegations in the complaint, although he provides further details in the attached unsigned affidavit.  Although the Thanksgiving holiday prevented counsel from obtaining his client's signature, no signed affidavit subsequently has been submitted.

### A.     Wrongful Termination

The complaint asserts that defendant Adena Health System terminated his employment in violation of 38 U.S.C. §§ 7462 and 7463. Plaintiff has failed to state a claim for relief because the rights provided by this statute are only available to employees of the United States Department of Veterans Affairs.

### B.     Section 1983 Age Discrimination

Plaintiff's claim that Adena Health System violated 42 U.S.C. § 1983 by discriminating against him on the basis of his age fails to state a claim upon which relief may be granted. Section 1983 provides a right of action for parties deprived of their constitutional or federal statutory rights taken under color of state law. Here, defendants cannot be said to be acting under color of state law. Furthermore, a plaintiff may not rely upon Section 1983 to purse an age discrimination claim. The Age

Discrimination in Employment Act ("ADEA") provides the exclusive federal remedy for age discrimination in employment. *Janes v. Bardstown City Schools Bd. of Educ.*, No. 95-5531, 1996 WL 536794, at *4 (6th Cir. Sep. 20, 1996)("[Plaintiff] may not bring her ADEA claim under § 1983. The detailed statutory remedy created by the ADEA constitutes the exclusive means for enforcement of the Act.").

### C. Breach of Contract Premised on Medical Staff Bylaws

The complaint alleges that Dr. Golio and Adena Health System were mutually bound by the terms of the Medical Staff Bylaws and that defendant breached those bylaws by failing to provide him sufficient due process prior to termination causing plaintiff to suffer damages. Under Ohio law, the elements of a breach of contract claim are: (1) existence of contract, (2) performance by the plaintiff, (3) breach by defendant, and (4) damage or loss to plaintiff. *Thomas v. Publishers Clearing House, Inc.*,  29 Fed. Appx. 319, 2002 WL 193935 (6th Cir. 2002).

Defendant argues that plaintiff does not allege that the bylaws created a binding contract or identify the parties to the alleged contract. Defendant also argues that plaintiff failed to plead the required elements for contract formation or for terms or allege that he performed his obligations under the contract purportedly created by the medical staff bylaws.

Plaintiff's allegations that Dr. Golio and Adena Health System were mutually bound by the terms and that defendant breached those terms by failing to adhere to

procedural protections to which Dr. Golio was entitled are sufficient to state a claim for breach of contract.

## D. Violation of the Health Care Quality Improvement Act

The Health Care Quality Improvement Act was enacted in order to provide effective peer review and interstate monitoring of incompetent physicians. *See* 42 U.S.C. § 11101. Congress concluded that the threat of litigation discouraged physicians from participating in effective peer review, and the HCQIA was enacted to protect physicians from such liability. Section 11112 provides the standards for professional review actions necessary in order to be entitled to the protections of the statute.

Plaintiff's claim under the HCQIA fails to state a claim upon which relief can be granted. The HCQIA does not provide a private cause of action by a physician for negligence in the peer review. *See Badri v. Huron Hospital*, 691 F. Supp. 2d 744, 769 (N.D. Oh. 2010); *Sinoff v. Ohio Permanente Med. Group*, 146 Ohio App. 3d 732, 739 (Ohio Ct. App. 8th Dist. 2002). *Singh v. Blue Cross/Blue Shield of Mass.*, 308 F.3d 25, 45 n. 18 (1st Cir. 2002); *Wayne v. Genesis Med. Ctr.*, 140 F.3d 1145, 1148 (8th Cir.1998); *Bok v. Mut. Assur.*, 119 F.3d 927, 928-29 (11th Cir. 1997).

## E. Slander

The elements of a claim for defamation are: (1) the defendant made a false statement; (2) the statement was defamatory in nature; (3) it was published to a third party; (4) the unprivileged publication of the statement caused injury to the plaintiff; and (5) the defendant acted with the requisite degree of fault. *Badri*, 691 F. Supp. 2d at

769. The complaint alleges that Adena Health System "intentionally and knowingly published false and malicious statements tarnishing the professional reputation of Plaintiff, Dr. Golio." Compl. at ¶ 51. The complaint asserts that as a result of defendants' slander, he has "suffered damages, including but not limited to, loss of professional reputation, loss of income and employee benefits, emotional distress and mental anxiety, and loss of professional reputation." *Id*. at 52.

As pointed out by defendants, plaintiff fails to identify a single statement made by defendants to a third party. The complaint also contains no factual assertions about who made the alleged statement, to whom it was made, or when it was made. There are simply no facts asserted that support his claim for slander. Rather than outlining the facts that state a plausible claim for relief, plaintiff merely recites the elements of his claim.

### F. Tortious Interference with Prospective Business Relationship

Tortious interference with business relationships occurs "when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 14 (1995). The elements of the claim are: (1) the existence of a business relationship; (2) the wrongdoer's knowledge thereof; (3) the wrongdoer's intentional procurement of a breach of the business relationship; (4) lack of justification; and (5) resulting damages.

Plaintiff fails to provide any factual basis to support that Adena Health System made any alleged statements that result in an actual breach of a business relation or termination of a prospective business relationship. The complaint gives little more than a formulaic recitation of the elements of the causes of action. As a result, plaintiff fails to state a claim upon which relief can be granted.

### G. Intentional Infliction of Emotional Distress

To state a cause of action for intentional infliction of emotional distress, a plaintiff must demonstrate that the defendant by extreme and outrageous conduct intentionally or recklessly caused severe emotional distress. *Yeager v. Local Union 20, Teamsters*, 6 Ohio St. 3d 369 (1983). The complaint asserts that Adena Health System "acted in such a manner as to persecute and destroy all avenues of professional employment." Compl. at ¶ 57. Plaintiff simply does not set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because plaintiff provides no factual support for his claim, the complaint fails to state a claim for intentional infliction of emotion distress.

### H. Violation of the Fourth Amendment

Plaintiff fails to state a claim against defendants for violation of his right under the Fourth Amendment to be free from illegal search and seizure. The Fourth Amendment applies to governmental searches and seizures. Plaintiff argues, however, that Adena Health System acted under color of state law because its activities are sufficiently close to and controlled by the state.

A private party may act under color of state law when its actions are "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992). The Supreme Court has established three tests to determine whether an action is "fairly attributable to the state": (1) public function test; (2) state compulsion test; and (3) symbiotic relationship or nexus test. *Id.* at 1335. Plaintiff relies on the nexus test to establish that Adena Health System acted under color of state law. To show state action under the symbiotic relationship or nexus test, there must be "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335. In *Lansing v. City of Memphis*, the Sixth Circuit noted:

> [It] is well-established that state regulation, even when extensive, is not sufficient to justify a finding of a close nexus between the state and the regulated entity. *See, e.g., American Manufacturers*, 526 U.S. 40, 119 S.Ct. 977 (holding that despite location in state's "regulatory web," private insurer's decision to withhold payment for disputed worker's compensation claim not attributable to the state); *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (holding private school's personnel decisions not attributable to the state, despite "extensive regulation of the school generally"); *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (refusing to hold New York State responsible for nursing home's patient transfer decisions, "although it is apparent that nursing homes in New York are extensively regulated"); *Jackson*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (refusing to find state action in electric company's decision to terminate service, notwithstanding that it was "a heavily regulated utility with at least something of a governmentally protected monopoly"); *Adams v. Vandemark*, 855 F.2d 312 (6th Cir.1988) (holding private not-for-profit corporation was not a state actor, even though subject to state and federal regulation); *Crowder v. Conlan*, 740 F.2d 447 (6th Cir.1984) (holding state was not responsible for private hospital's personnel decisions even if state regulation was "extensive and detailed").

14

*Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000). As a result, the Court concludes that defendant did not act "under color of state law" and cannot be recognized as a state actor under 42 U.S.C. § 1983.

    **I.**    ***Bivens* Action**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a claim to vindicate violations of constitutional rights by federal actors. To state a *Bivens* claim, a plaintiff must allege facts sufficient to show that a federal defendant violated his rights under the United States Constitution. Here, none of the individual defendants can be considered a federal agent or actor. For private actors to be held liable for damages in a *Bivens* action, their conduct must be "so related to the federal government that they can be regarded federal agents or actors, that is, that the private corporation acted under color of federal law." *Yeager v. GMC*, 265 F.3d 389, 398 (6th Cir. 2001). Plaintiff maintains that the nature of the healthcare industry makes virtually every hospital similar to Adena Health System quasi-governmental under the nexus test. Plaintiff has cited no legal authority supporting his argument that a private hospital acts under color of federal law because it is subject to federal regulation. Plaintiff's claim fails to state a claim upon which relief may be granted.

    **V.**    **Conclusion**

Defendant Adena Health System's November 1, 2011 motion to dismiss Counts I, II, III, IV, V, VII, and IX of the complaint (doc. 13) is GRANTED in part and defendants

15

Mark Shuter, Karen D. Bolton, Anthony C. Freeman, D.O., Derrick L. Reedus, Sr., M.D., and Jeff Collins' November 1, 2011 motion to dismiss the complaint (doc. 14) is GRANTED. This action continues with respect to plaintiff's claims for breach of contract and for conversion against defendant Adena Health System. The remaining claims and defendants are DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT in favor of defendants Mark Shuter, Karen D. Bolton, Anthony C. Freeman, D.O., Derrick L. Reedus, Sr., M.D., and Jeff Collins.

                                        s/ Mark R. Abel
                                        United States Magistrate Judge